FILED

2007 May-01 PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

COMPASS GROUP USA, INC.,           )
                                   )
            Plaintiff,             )
                                   )        CASE NO.:
v.                                 )
                                   )        CV-06-RRA-1425-S
THE CITY OF FAIRFIELD, ALABAMA,    )
                                   )
            Defendant.             )

**Memorandum Opinion**

## I.      INTRODUCTION

This is a civil action filed by the plaintiff, Compass Group USA, Inc., against the defendant, the City of Fairfield, Alabama. The plaintiff asks the court to confirm a June 30, 2006 arbitration award. On September 28, 2006, the defendant filed a motion to dismiss for lack of jurisdiction, as well as a motion to vacate the arbitration award. (Doc. 11). On October 10, 2006, the defendant expressed its desire to withdraw the motion to dismiss and the motion to vacate.[1] (Doc. 17). The magistrate judge granted the motion to withdraw on October 11, 2006. That same day, the plaintiff filed a motion for default judgment. (Doc. 19). That motion was denied on October 25, 2006. (Doc. 22). In that same order, the magistrate judge set a deadline for the defendant's answer, and allowed the plaintiff to file a motion for summary judgment after the filing of that answer. (Doc. 22).

On November 4, 2006, the defendant filed its first answer in this matter. (Doc. 26). In that answer, the City stated *only* the following:

1. The City pleads the general issue concerning the claims levied in Plaintiff's

---

[1]On October 6, 2006, the defendant had previously expressed its desire to withdraw the motion to vacate. (Doc. 16).

*Application*; and

    2. The City denies all of the material allegations of Plaintiff's *Application* and demands strict proof thereof.

*Answer*, at 1.

    On November 7, 2006, the plaintiff filed the motion for summary judgment at issue at this time.  (Doc. 27).  Thereafter, with permission of the court, and with consent of the plaintiff, the defendant amended its answer to add the following defenses:

    1. In determining that the City was obligated under the Food Service Contract ("FS Contract") of 07/25/2003, to compensate Compass for the services rendered by Compass to the Fairfield Civic Center Authority ("Authority"), in connection with the operation and management of the Fairfield Civic Center Restaurant ("Glory's"), the Arbitrator ("Mr. Pratt"), who rendered the Award made the basis of the underlying *Application for Entry*, manifestly disregarded Alabama law pertaining to the formation of Municipal Contracts, the Binding Authority of Municipal Agents, and the Autonomy of independent Public Corporations.

    2. In determining that the City was obligated under the subject FS Contract of 07/25/2003 to compensate Compass for the services rendered by Compass to the Authority in connection with the operation and management of Glory's, Mr. Pratt exceeded the authority granted to him under said 07/25/2003 FS Contract.

*Amended Answer*, at 2.

    On March 30, 2007, the magistrate  judge recommended that the motion for summary judgment, converted from a motion for judgment on the pleadings, be granted, and further recommended that the arbitration award be confirmed.  (Doc. 38).  In addition, it was recommended that the motion for sanctions  against the City of Fairfield be granted.  (Doc. 38).  On April 13, 2007, the defendant filed objections to the report and recommendation.  (Doc. 39).

**II.   DEFENDANT'S OBJECTIONS**

    **A.   To the Conclusion that the City Did Not File a Timely Motion to Vacate**

In his report, the magistrate judge wrote:

It is Compass Group's position that it has already met its burden and that the Award should be confirmed immediately due to Fairfield's failure to file a properly-supported motion to vacate in response to the Application; that is, the Application is sufficient to require Fairfield to make its challenge to the Award immediately. *Brief in Support*, at 4, n. 2 (*citing Sevenson Envtl. Servs., Inc. v. Sapp Battery Site Group*, 2004 WL 936764 *2 (S.D.N.Y. April 29, 2004)).

Federal law provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12. On June 30, 2006, the arbitrator issued his notice of the award in this case. *Application for Confirmation*, at 3. The defendant did file a motion to vacate on September 28, 2006 (doc. 11). However, that motion was withdrawn by the City on October 6, 2006. (Doc. 16). There is no record of the defendant filing another notice of a motion to vacate within the three-month window. The motion to vacate was not timely filed. On that basis alone, the award is due to be confirmed.

*Report and Recommendation*, at 8.

Although the City made no argument on this issue in its brief in opposition*, it now states:

By Order [22] dated 10/25/2006, the Court granted the City's Motion for Leave to file an Answer [26]. By Order dated 12/13/2006, the Court granted the City's Motion for Leave to file an Amended Answer [29]. Although the City withdrew [16] its Motion to Dismiss/Vacate [11] and filed, in its stead an Amended Answer [37], the City did not substantially change its plea for relief, citing the Affirmative Defenses of the Arbitrator's manifest disregard of Alabama law pertaining to the formation of valid and enforceable Municipal Contracts and the Arbitrator's exceeding his Authority in so disregarding the pertinent Alabama law relating to the formation of valid Municipal Contracts.

The City filed all of its Answers and Responses, within the time provided by the Court. Furthermore, by the Magistrate's acknowledgment, the City filed its original Response [11] within the 90-day window referenced by the Magistrate. [RR8]. It is the City's position and request that the Court declare that its Amended Answer [37] relates back to its timely filed, but withdrawn, Motion to Vacate.

*Objections to Report and Recommendation*, at 5. Importantly, the City states:

Although the City withdrew [16] its Motion to Dismiss/Vacate [11] and filed, *in its stead an Amended Answer* [37], the City did not substantially change its plea for relief, citing the Affirmative Defenses of the Arbitrator's manifest disregard of

Alabama law pertaining to the formation of valid and enforceable Municipal
Contracts and the Arbitrator's exceeding his Authority in so disregarding the
pertinent Alabama law relating to the formation of valid Municipal Contracts.

*Id (emphasis added).*  As noted above, this is not an accurate statement of the procedural history of

this matter.  When the motion to dismiss/vacate was withdrawn, *nothing* was filed in its stead.  The

first answer filed by the City was not filed until almost a month after the motion to vacate.  Even

then, it contained none of the defenses noted in the quoted section above.  Even cursory examinations

of the motion to vacate, the answer, and amended answer reflect that the statement "the City did not

substantially change its plea for relief" stretches credulity.  Regardless, the amended answer is not

a motion, much less a motion to vacate.  It seeks no relief.  Indeed, the word "vacate" does not

appear in the amended answer.

> **B.      To the Conclusion that the City Did Not Articulate an Authorized Basis for
> Finding Fault with the Scope of the Arbitrator's Review.**

The City next states:

The City's position is that it has met the criteria for "exceeded power" under the
referenced Sunship Inc test, because—from the City's perspective—the Arbitrator
DID NOT rule on issues related to a Contract **between** the City of Fairfield and
Compass, but that the Arbitrator, instead, ruled on a Contract between the Civic
Center Authority and Compass. [RR10].

*Objections*, at 5-6. The City provides absolutely no authority for this position.  It is merely a

restatement of its earlier position which was addressed thoroughly by the magistrate judge.

> **C.      To the Conclusion that the City Failed to Present Evidence of the Arbitration
> Proceedings**

The City next argues that the affidavits it presented in opposition to summary judgment are

evidence that should be considered. As noted in the report and recommendation:

The testimony of the current mayor regarding his testimony at the proceedings should

4

not be considered. The transcript of the proceedings before the arbitrator is the proper evidence of the testimony there.  Likewise, the City's discussions of portions of the contract, and their correct interpretation, have no bearing on the issue of what the arbitrator heard and considered in making his decision. Similarly, the City and the Authority's organizational documents provide no insight as to what was considered by the arbitrator.  The City's statement that "there is no record that the City (not the Mayor) agreed to undertake any obligations on behalf of the Authority" is a further example of a misplaced argument which  proves nothing about the authority of the arbitrator or the evidence he considered.

*Report and Recommendation*, at 11.  This objection is without merit.

**D.     To the Statement that There Was No Opposition to the Motion for Sanctions**

The magistrate stated that the City did not respond to the motion for sanctions.  The City responds by citing the court to the following language in court document 36:

The City, in defending its position concerning the underlying Application for Entry of Arbitration Award, has acted neither unreasonably nor for an improper purpose, such as might justify the Court's imposing Sanctions against it.  As such, the City opposes Compass' Motion for Sanctions and requests the Court to deny Compass' Motion.[2]

*Opposition to Motion for Summary Judgment*, at 7.  This "response" offers little in the way of authority and even less in analysis.  It does nothing to address the issues discussed by the Eleventh Circuit regarding the imposition of sanctions in this type of case.

**III.     ALTERNATIVE RELIEF REQUESTED**

────────────

[2]The City also includes the following footnote  to this passage:

Ball v. A. O. Smith Corp., Docket # 05-1152 (2nd Cir., 06/09/2006)(Sanctions should not be imposed unless the Court finds a party's conduct to have been both unreasonable and for an improper purpose); *See also,* B. L. Harbert International, LLC v. Hercules Steel Co., Docket # 05-11153 (11th Cir., 02/28/2006)(Discussing possible imposition of Sanctions where a party has no reasonable basis for believing he might prevail in his defense).

*Opposition to Motion for Summary Judgment*, at 7, n. 35.

5

The City last states:

In the alternative, the City respectfully requests the Court to modify the subject Arbitration Award of 30 June 2006 and to assign liability to the Fairfield Civic Center Authority, rather than to the City of Fairfield, given that the Authority was the beneficiary of the services rendered under the Contract made the basis of the subject Award and on the basis that the subject Contract pertained to matters wholly relating to the Civic Center Authority and not to the City of Fairfield.

*Objections*, at 8. The city cites no authority for this relief at this stage. Neither has it demonstrated that it is entitled to said relief, even if it could be granted. The request is denied.

## IV.   CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, the Court is of the opinion that the magistrate judge's report and recommendations therein are due to be and are hereby ADOPTED and ACCEPTED as this court's own. The Court EXPRESSLY FINDS that there are no genuine issues of material fact and that the plaintiff is entitled to judgment as a matter of law. Accordingly, the plaintiff's motion for summary judgment is due to be granted, the arbitration award is due to be confirmed, and the motion for an award of sanctions against the defendant is due to be granted. An appropriate order will be entered.

DONE this 1st day of May, 2007.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

6